C. TONY PICCUTA (AZ SBN: 028444)
SCOTTSDALE INJURY LAWYERS, LLC
8700 E. Pinnacle Peak Road, Suite 204
Scottsdale, Arizona 85255
Telephone: (480) 900-7390
Facsimile: (480) 562-6060
tony@scottsdaleinjurylawyers.com

Attorney for Plaintiff, Dillon Rock

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Rock,<br><br>  Plaintiff,<br><br>v.<br><br>Officer N. Cummings (#1228), individually et al.,<br><br>  Defendants. | No. 2:20-cv-01837-DWL<br><br>**PLAINTIFF DILLON ROCK'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** |

Plaintiff, Dillon Rock, pursuant to Federal Rule of Civil Procedure 54(b), moves the Court to enter final judgment on its grant of summary judgment (Doc. 84) to Defendant Mike Miller, in part, and in full to all other Defendants on Rock's claims under 42 U.S.C. § 1983 based on alleged violations of Rock's Fourth Amendment rights.

## I.  BACKGROUND

Rock will not belabor the Court with a full recitation of the facts, which the Court recently set forth in its Order (Doc. 84) on Defendants' Motion for Summary Judgment. (Doc. 69). In short, Rock asserted that Officer Miller violated his Fourth Amendment right to be free from the use of excessive force by releasing a police dog, Toby, and by allowing Toby to remain on the bite for too long. (Doc. 1). Rock alleged that the remaining Defendants violated the Fourth Amendment by failing to intervene and/or by being integral participants in Officer Miller's violations. (*Id.*)

1    On July 3, 2023, the Court granted Defendants' Motion for Summary Judgment
2 (Doc. 69) in part and denied it in part, holding that Officer Miller was entitled to
3 qualified immunity as to Rock's claim concerning the initial release of Toby but not as
4 to Rock's claim concerning the duration of the bite.  (Doc. 84).  The Court granted
5 summary judgment in full to all other Defendants, concluding that they were entitled to
6 qualified immunity.  (*Id*.)  On July 17, 2023, Officer Miller filed his Notice of
7 Interlocutory Appeal regarding the partial denial of qualified immunity.  (Doc. 87).
8 Rock now seeks Rule 54(b) entry of final judgment on the grant of summary judgment,
9 in part, to Officer Miller and the grant of summary judgment, in full, to all other
10 Defendants.

## II.   LEGAL STANDARD

12    In a multi-claim or multi-party action, "the court may direct entry of a final
13 judgment as to one or more, but fewer than all, claims or parties only if the court
14 expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  First,
15 a district court determines whether the ruling is a "final judgment."  *Curtiss-Wright Corp.*
16 *v. General Elec. Co.*, 446 U.S. 1, 7 (1980).   A judgment is final if "it is a decision upon a
17 cognizable claim for relief" and ultimately disposes of an individual claim in an action
18 involving multiple claims.  *Id*. at 7.  If the district court finds finality, it must then
19 determine whether there is any justifiable reason for delay.  *Id*. at 8.  Doing so involves a
20 consideration of judicial concerns and an assessment of the equities of certification.  *Id*.

## III.   LAW AND ARGUMENT

**A.   THE COURT'S ORDER IS A FINAL JUDGMENT**

23    The Court's grant of summary judgment to all Defendants, other than Officer
24 Miller, conclusively resolved all claims as to those parties.  (Doc. 84.)  There is nothing
25 left to adjudicate as to any of them.
26    Concerning Officer Miller, Rock acknowledges that a "claim" for purposes of
27 Rule 54(b) refers to a particular set of facts giving rise to a legal right to relief as opposed
28 to a legal theory of recovery based on those facts.  *Arizona State Carpenters Trust Fund*

*v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991). Rock alleged two separate Fourth Amendment violations against Officer Miller based on distinct facts: (1) the initial release of Toby and (2) the duration of the bite. (Doc. 1.) As such, each alleged violation constitutes a "claim" under Rule 54(b). Because the Court's grant of partial summary judgment finally resolved Rock's claim based on the initial decision to release Toby, this prong of the Rule 54(b) analysis is satisfied.

**B.     THERE IS NO JUST REASON FOR DELAY**

**1.     Judicial Concerns**

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. The first step is to evaluate "judicial concerns." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). In doing so, a district court is to "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Officer Miller has already filed his Notice of Interlocutory Appeal regarding the one claim on which summary judgment was denied. (Doc. 87). If this Court directs entry of final judgment in this action, no claims will remain in this Court to be adjudicated. Rule 54(b) certification would avoid multiple appeals to the Ninth Circuit by now putting before it the entire case. Regardless of the outcome of the appeal, the law of the case doctrine would prevent the Ninth Circuit from re-addressing the merits of qualified immunity. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (reasoning that its prior denial of qualified immunity on summary judgment was the law of the case and declining to reconsider the issue on appeal after trial).

By contrast, denying certification would result in multiple appeals, largely on the same set of facts. Plaintiff intends to appeal the Court's grant of summary judgment, to some degree, regardless of the Court's decision on this Motion. If the Court declines to

1  enter judgment under Rule 54(b), Rock will be forced to appeal the grant of summary
2  judgment either following trial or directly following Officer Miller's appeal, depending
3  on the result of the trial and appeal.  Because the only way to potentially avoid multiple
4  appeals is to direct entry of final judgment, this factor tips heavily in Rock's favor.

### 2. Assessment of Equities

In the second step, the district court assesses the equities of certification, focusing on traditional equitable principles such as prejudice and delay. *Gregorian*, 871 F.2d at 1519. This factor also weighs in favor of Rule 54(b) certification.

Rock intends to appeal the grant of summary judgment on the issue of qualified immunity if judgment is ultimately entered against him as to all claims and Defendants. This is regardless of when that appeal must occur. The Court's decision on this Motion will not determine whether Defendants must deal with the time and expense of facing an appeal as one is already pending. As such, the Court's entry of final judgment now would not result in prejudice to Defendants.

Regarding any delay, entering final judgment would have the opposite effect. As mentioned, Rock intends to appeal the grant of summary judgment should judgment ultimately be entered against him following trial or the current appeal. Without Rule 54(b) certification, that appeal would follow at a later date. Presumably, it would be in Defendants' interests to face an appeal now rather than wait, potentially until after trial, to have the claims against them finally decided.

///

///

///

## V. CONCLUSION

Because of the finality of the judgment and because both judicial concerns and an assessment of equities weigh in favor of Rule 54(b) certification, Rock respectfully requests that the Court direct entry of final judgment and expressly determine that there is no just reason for delay as to the grant, in part, of summary judgment to Officer Miller, and the grant, in full, to all other Defendants.

Dated: ___August 1, 2023___   SCOTTSDALE INJURY LAWYERS, LLC
　　　　　　　　　　　　　　　　　　　　__/s/ *C. Tony Piccuta*_____
　　　　　　　　　　　　　　　　　　　　C. Tony Piccuta
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　Dillon Rock