**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Rock,<br><br>                    Plaintiff,<br><br>v.<br><br>N. Cummings, et al.,<br><br>                    Defendants. | No. CV-20-01837-PHX-DWL<br><br>**ORDER** |

On July 3, 2023, the Court issued an order resolving Defendants' motion for summary judgment. (Doc. 84.) As for Defendants Cummings, McCarthy, Preston, Torres, and White, summary judgment was granted in full. (*Id.*) As for Defendant Miller, the Court concluded that although he was entitled to qualified immunity as to Plaintiff's excessive force claim predicated on the initial decision to release Toby, he was not entitled to qualified immunity as to Plaintiff's excessive force claim predicated on a "duration and encouragement" theory. (*Id.* at 50.)

On July 17, 2023, Defendant Miller filed a notice of interlocutory appeal. (Doc. 87.) The notice only applies to "that part of the . . . July 3, 2023 Order denying Miller's Motion for Summary Judgment, in part, on the issue of qualified immunity." (*Id.* at 1.)

On July 24, 2023, Defendant Miller filed a motion "to stay further proceedings in this matter pending the outcome of his Interlocutory Appeal to the U.S. Ninth Circuit Court of Appeals from the denial of qualified immunity." (Doc. 89 at 1.) The motion explains that, under Ninth Circuit law, "[a]bsent a certification that an appeal is frivolous, the district

court is automatically divested of jurisdiction to proceed with trial pending appeal in regard to the particular issues involved in that appeal." (*Id.* at 4.) The motion further states that although "[i]t is not the responsibility of Defendant Miller to seek a certification that his appeal is frivolous . . . [he] will take this opportunity to discuss the frivolous standard. Miller's interlocutory appeal from the denial of qualified immunity raises substantial issues which will allow the appellate court to determine whether constitutionally prohibited conduct, or the violation of clearly established constitutional principles, are sufficiently raised by the facts contained in the Rule 56 filings. These are issues that may be properly raised and decided on appeal and, as convinced as this Court may be as to the correctness of its decision, are subject to differing views at the appellate level." (*Id.* at 5.)

On August 1, 2023, Plaintiff filed two documents: (1) a notice of cross-appeal (Doc. 90); and (2) a Rule 54(b) request for entry of judgment as to all of the claims that were dismissed in the summary judgment ruling, including one of the excessive force claims against Defendant Miller (Doc. 91). However, neither filing addresses Defendant Miller's stay request, and the time to respond to that request has now expired.

Under LRCiv 7.2(i), Plaintiff's failure to respond to Defendant Miller's stay request means the Court may treat the request as unopposed and grant it summarily. The Court will do so here, with the clarification that the stay only applies to Plaintiff's excessive force claim against Defendant Miller predicated on a "duration and encouragement" theory—because that claim is the sole subject of Defendant Miller's interlocutory appeal—and does not interfere with the Court's jurisdiction to resolve Plaintiff's Rule 54(b) motion, which is not yet fully briefed and remains pending. *See generally Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 912-13 & n.1 (D. Ariz. 2019) (when a defendant pursues an interlocutory appeal of the denial of qualified immunity, the automatic stay only applies to "the particular issues involved in the appeal" and the district court is not divested of jurisdiction "to address aspects of the case that are not the subject of the appeal") (citations and internal quotation marks omitted).

…

Accordingly,

**IT IS ORDERED** that:

1. Defendant Miller's motion to stay (Doc. 89) is **granted**. The Court is divested of jurisdiction over Plaintiff's excessive force claim against Defendant Miller predicated on a "duration and encouragement" theory, and all proceedings related to that claim are **stayed**.

2. The stay does not apply to other aspects of this case, including Plaintiff's pending Rule 54(b) motion.

Dated this 9th day of August, 2023.

Dominic W. Lanza
United States District Judge