**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Rock,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>N. Cummings, et al.,<br><br>　　　　　Defendants. | No. CV-20-01837-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for entry of judgment under Rule 54(b). (Doc. 91.) For the following reasons, the motion is granted in part and denied in part.

**RELEVANT BACKGROUND**

This is a § 1983 action in which Dillon Rock ("Plaintiff") has sued six members of the Goodyear Police Department—Corporal Nathan Cummings, Sergeant Ryan McCarthy, Officer Mike Miller, Officer Scott Preston, Officer Aaron Torres, and Officer Josh White (together, "Defendants"). (Docs. 1, 84.)

Plaintiff's claims arise from an incident in October 2019 in which Defendants responded to a 911 call. (Doc. 84 at 1.) The subject of the call was Plaintiff, who lived with his father in the same neighborhood as the caller. (*Id.*) The caller reported—mistakenly, as it turns out—that Plaintiff had just threatened Plaintiff's parents with a knife. (*Id.*) This information was conveyed to Defendants on their way to the scene. (*Id.*) After Plaintiff became aware of Defendants' arrival, he went into his backyard and hid in a shed.

(*Id.*)  Before entering the backyard, Officer Miller announced that if Plaintiff did not come out, Officer Miller would release a police dog, Toby, who would bite Plaintiff.  (*Id.*)  After Plaintiff did not respond to this announcement—which, he contends, he did not hear—several Defendants entered the backyard.  (*Id.*)  Upon arrival at the shed, and without providing any additional warnings, Corporal Cummings opened the door and Officer Miller let Toby inside.  (*Id.* at 1-2.)  Toby bit Plaintiff for approximately 41 seconds, dragging Plaintiff out of the shed and causing Plaintiff to sustain extensive arm injuries that later required surgery.  (*Id.* at 2.)

In this action, Plaintiff alleges that Officer Miller violated the Fourth Amendment's prohibition against the use of excessive force in two different ways—first, by releasing Toby at all, and second, by allowing Toby to continue biting him for too long—and the remaining Defendants violated the Fourth Amendment by failing to intervene and/or by being integral participants in the violations. (Docs. 1, 84.)

On July 3, 2023, the Court issued an order resolving Defendants' motion for summary judgment.  (Doc. 84.)  As for Defendants Cummings, McCarthy, Preston, Torres, and White, summary judgment was granted in full.  (*Id.*)  As for Defendant Miller, the Court concluded that although he was entitled to qualified immunity as to Plaintiff's theory of excessive force predicated on the initial decision to release Toby, he was not entitled to qualified immunity as to Plaintiff's theory of excessive force predicated on the "duration and encouragement" of the bite.  (*Id.* at 50.)

On July 17, 2023, Defendant Miller filed a notice of interlocutory appeal.  (Doc. 87.)  The notice only applies to "that part of the . . . July 3, 2023 Order denying Miller's Motion for Summary Judgment, in part, on the issue of qualified immunity."  (*Id.* at 1.)

On July 24, 2023, Defendant Miller filed a motion "to stay further proceedings in this matter pending the outcome of his Interlocutory Appeal to the U.S. Ninth Circuit Court of Appeals from the denial of qualified immunity."  (Doc. 89 at 1.)

On August 1, 2023, Plaintiff filed two documents: (1) a notice of cross-appeal (Doc. 90); and (2) a Rule 54(b) motion for entry of judgment as to all issues resolved in

1 Defendants' favor in the summary judgment ruling (Doc. 91).

2 On August 9, 2023, the Court issued an order granting Defendant Miller's stay request. (Doc. 93.) This order "clarif[ied] that the stay only applies to Plaintiff's excessive force claim against Defendant Miller predicated on a 'duration and encouragement' theory—because that claim is the sole subject of Defendant Miller's interlocutory appeal—and does not interfere with the Court's jurisdiction to resolve Plaintiff's Rule 54(b) motion, which is not yet fully briefed and remains pending." (*Id.* at 2.)

Under LRCiv 7.2(c), Defendants had 14 days to respond to Plaintiff's Rule 54(b) motion. Thus, the response deadline was August 15, 2023. That deadline has now expired and Defendants did not file a response.

**DISCUSSION**

As an initial matter, the Court retains jurisdiction to rule on Plaintiff's Rule 54(b) motion despite Plaintiff's filing of a cross-appeal as to the claims that are the subject of the Rule 54(b) motion. Although the usual rule is that "[t]he filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), that rule is not implicated here because Plaintiff's cross-appeal was premature and thus did not have a jurisdiction-divesting effect. *See generally Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 916 (D. Ariz. 2019) ("[T]he Court disagrees that Plaintiffs' attempt to file a cross-appeal has any impact on its jurisdiction. Although Officer Grossman's notice of appeal was permissible, because a defendant who unsuccessfully asserts a qualified-immunity defense is entitled to interlocutory review of the challenged ruling, Plaintiffs were not entitled to file their own notice of appeal seeking interlocutory review of the portions of the Order dismissing some of their other claims. A premature notice of appeal does not divest a district court of jurisdiction.") (citations omitted).

Turning to the merits, the summary judgment order left alive only one claim against one Defendant—Plaintiff's § 1983 claim against Officer Miller predicated on the allegation

that Officer Miller used excessive force in violation of the Fourth Amendment. (Doc. 1 ¶¶ 33-38.) Although the Court concluded that one of Plaintiff's theories of liability in relation to that claim (*i.e.*, Officer Miller violated the Fourth Amendment via his initial decision to release Toby) is barred by the doctrine of qualified immunity, the claim itself survives. Indeed, that claim has now been stayed (Doc. 93) so Officer Miller may pursue an interlocutory appeal of the denial of his request for qualified immunity as to Plaintiff's other theory of liability (*i.e.*, Officer Miller violated the Fourth Amendment by encouraging and/or extending the duration of the resulting dog bite).

Rule 54(b) of the Federal Rules of Civil Procedure provides that where, as here, an action involves multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, *claims or parties* . . . ." (emphasis added). Thus, before entering judgment under Rule 54(b), "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). That has not occurred in relation to Plaintiff's excessive force claim against Officer Miller, which remains pending. Although Plaintiff contends that his two theories of liability should be considered discrete "claims" for Rule 54(b) purposes (Doc. 91 at 2-3), this argument is unavailing in light of the authority Plaintiff acknowledges in his motion papers. *Ariz. State Carpenters Trust Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) ("[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief."). Thus, the Court denies Plaintiff's request for Rule 54(b) relief as it applies to Officer Miller.

As for the remaining five Defendants, Plaintiff's request is summarily granted. Plaintiff's claims against those Defendants have been resolved with finality, such that Rule 54(b)'s threshold requirement is satisfied, and "there is no just reason for delaying judgment on" those claims. *Id.* at 574. More specifically, the Court summarily concludes, based on Defendants' non-opposition, that the relevant "juridicial concerns" and "equitable" considerations favor Plaintiff's request. *See generally Texaco, Inc. v. Ponsoldt*,

939 F.2d 794, 797 (9th Cir. 1991) ("Rule 54(b) certification is proper if it will aid expeditious decision of the case.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 54(b) motion (Doc. 91) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** directing the Clerk to enter a final judgment in favor of Defendants Cummings, McCarthy, Preston, Torres, and White.

Dated this 5th day of September, 2023.

Dominic W. Lanza
United States District Judge