**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Rock, | No. CV-20-01837-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| N. Cummings, et al., | |
| Defendants. | |

One of Plaintiff's motions *in limine* seeks to, among other things, "exclude evidence, or any mention of evidence, regarding [Plaintiff's] criminal activity on October 20, 2019, other than what was known to Defendant Miller at the time force was applied." (Doc. 116 at 1.) During the Final Pretrial Conference, the Court declined to rule on this portion of the motion *in limine* and instead took it under advisement. (Doc. 146.)

Having now given more consideration to the issue, Plaintiff's exclusion request is granted. As background, the parties have stipulated in the Final Pretrial Order that at the time of the challenged use of force at issue in this § 1983 action (*i.e.*, Officer Miller's decision to allow the police dog to continue biting Plaintiff for an allegedly excessive period of time), Officer Miller had been informed by the police dispatcher that Plaintiff "was acting erratic, had threatened his mother with a knife, and had broken his parents' phones." (Doc. 147 at 2.) At trial, Officer Miller will be allowed to introduce evidence of his awareness of those allegations. *See generally* 9th Cir. Model J. Instr. 9.25 ("In determining whether the officer[s] used excessive force in this case, consider all of the

circumstances known to the officer[s] on the scene, including: (1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied; (2) whether the [plaintiff] posed an immediate threat to the safety of the officer[s] or to others; . . . [and] (12) whether the officer[s] [was] [were] responding to a domestic violence disturbance"). Nevertheless, Officer Miller wishes to go further and introduce evidence that Plaintiff was subsequently convicted via guilty plea of several misdemeanor crimes related to Plaintiff's conduct toward his family members on the date of the incident.[1]

        This evidence is inadmissible for several reasons. First, it is irrelevant. Even though, as noted above, matters known by Officer Miller at the time of the challenged encounter may be relevant in evaluating the reasonableness of his use of force, matters that had not yet occurred at the time of the encounter (such as Plaintiff's subsequent convictions) obviously could not have been known by Officer Miller and thus have no bearing on his mindset. *Cf. Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("[A]n officer's use of force must be objectively reasonable based on his contemporaneous knowledge of the facts."). Additionally, Officer Miller acknowledges in his response to Plaintiff's motion that "Plaintiff does not have a felony criminal history subject to impeachment, and . . . his criminal convictions cannot be used to support his propensity to commit crimes." (Doc. 124 at 1.) Thus, Plaintiff's misdemeanor convictions are not relevant or admissible under Rule 404(b) or Rule 609. *See generally Bourgeois v. Strawn*, 452 F. Supp. 2d 696, 713 (E.D. Mich. 2006) ("Certainly the evidence [of prior misdemeanor convictions] would tend to prove that the plaintiff had a general bad character, but that is not a proper purpose for the evidence. Rule 609 allows prior convictions to be used to impeach a testifying witness, including a plaintiff in a civil case.

---

[1]    Although the parties have not supplied information regarding the nature of those misdemeanor convictions, the Goodyear Municipal Court's online docket in Case No. M-0762-CM-201900571 reveals that Plaintiff was initially charged with eight misdemeanor counts (two counts of "INTENTIONALLY PLACING PRSN IN FEAR OF IMMINENT PHY," two counts of "DISORDERLY CONDUCT—FIGHTING," two counts of "CRIMINAL—DEF OR DAMAGE PROP OF VAL GT 250 LT 1000," and two counts of "PREVENT/INTERFER TELE-EMERG") and was eventually convicted via guilty plea of one count of "DISORDERLY CONDUCT—FIGHTING" and one count of "PREVENT/INTERFER TELE-EMERG."

- 2 -

However, that rule limits the convictions to felonies and certain misdemeanors that include an element of dishonesty or false statement. None of the crimes fall into the latter category. Therefore, the misdemeanor convictions are not admissible for any proper purpose . . . ."); *Lindsay v. City of Santa Paula*, 2001 WL 36097435, *2 (C.D. Cal. 2001) (granting plaintiff's motion, in § 1983 action, to exclude his prior misdemeanor conviction but clarifying that "[t]his ruling . . . is limited to evidence of the *conviction* itself" and that the defendants "may offer evidence regarding plaintiff's alleged resistance and/or other conduct that gave the officers probable cause to enter [the plaintiff's] home and arrest him for" committing the crime that later resulted in the misdemeanor conviction).

Second, at a minimum, evidence of Plaintiff's misdemeanor convictions is barred by Rule 403. One of Officer Miller's apparent reasons for seeking to introduce this evidence is to establish that Plaintiff had, in fact, engaged in threatening conduct toward his family members on the date of the incident. But putting aside that matters unknown to Officer Miller at the time of the incident (such as whether the allegations relayed by the police dispatcher were true) are irrelevant in evaluating Officer Miller's use of force, Plaintiff has already stipulated to Officer Miller's awareness of the allegations concerning Plaintiff's erratic behavior, threat of violence toward his mother, and acts of property destruction. Thus, evidence of the convictions themselves will have little (if any) probative value, which will, at any rate, be substantially outweighed by the danger of unfair prejudice that will flow from informing the jury that Plaintiff has prior criminal convictions. Similarly, to the extent Officer Miller's theory (as articulated during oral argument) is that Plaintiff's misdemeanor convictions somehow have a tendency to undermine Plaintiff's claim for emotional distress damages, the Court is unpersuaded that there is any relationship between those two topics but, at a minimum, any relevance is once again substantially outweighed by the danger of unfair prejudice that will flow from informing the jury that Plaintiff has prior criminal convictions.

…

…

1  Accordingly,

2  **IT IS ORDERED** that the remaining portion of Plaintiff's motion *in limine* (Doc.
3  116) is **granted**.

4  Dated this 30th day of April, 2025.

Dominic W. Lanza
United States District Judge