**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dillon Rock, | No. CV-20-01837-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| N. Cummings, et al., | |
| Defendants. | |

One of the witnesses Plaintiff intends to call at trial is Dr. Michael Billhymer, who "performed two surgeries on Plaintiff" and "is expected to testify as to the extent and severity of Plaintiff's injuries and the surgical procedures which he performed." (Doc. 147 at 12-13.)    During the Final Pretrial Conference, Plaintiff's counsel asked that Dr. Billhymer be allowed to testify via Zoom  and defense counsel opposed this request. (Doc. 146.)  The Court reserved judgment on the issue pending the submission of a supplemental declaration from Dr. Billhymer.  (*Id.*)

Dr. Billhymer has now provided the requested declaration.  (Doc. 151-1.)  In it, Dr. Billhymer explains that he is a trauma surgeon; that he is scheduled to be "on trauma call for a very busy level one trauma center" throughout the duration of this trial; that, due to his on-call status, he is "required to be within 15 minutes of the trauma center during this period"; and that "[f]ailure to meet this obligation would not only require the trauma center to go on diversion, but would adversely compromise the health and safety of trauma patients."  (*Id.*)

The dispute over whether Dr. Billhymer may testify via Zoom is governed by Rule 43(a) of the Federal Rules of Civil Procedure, which provides that although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." The Court concludes that good cause and compelling circumstances exist here—Dr. Billhymer is a disinterested witness who is being compelled to testify via subpoena, and requiring him to testify in person could interfere with the operations of the trauma center where he works and imperil the health and safety of trauma patients. *Cf. Sallenger v. City of Springfield*, 2008 WL 2705442, *1 (C.D. Ill. 2008) (granting opposed motion to allow treating physician to testify remotely, in part because "[a]s an ICU physician, Dr. Sood's employment presents a very unique need for his presence at work" and in part because the treating physician's role as "an independent witness who is not under the control of either party" meant that "[t]he Court can see no tactical advantage to either side in allowing Sood to testify by video conference").

As for Rule 43(a)'s requirement that the Court utilize "appropriate safeguards" when receiving remote witness testimony, although "[t]he case law defining what constitutes appropriate safeguards is sparse . . . [t]he few cases that do address the issue appear to focus on ensuring that the purposes of Rule 43(a) are met—that the witness is giving live testimony, under oath, which is received in open court when the witness is subject to cross examination. Other important safeguards include taking steps to establish a reliable means of transmission and figuring out a fair and workable process for handling documents or other trial exhibits." *See* Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 43 (2022). As discussed on the record during the Final Pretrial Conference, such safeguards will be in place here and defense counsel will have the ability to cross-examine Dr. Billhymer by displaying photographs and video footage.

…

…

- 2 -

Accordingly,

**IT IS ORDERED** that:

1.      Dr. Billhymer may appear and testify via Zoom in response to the subpoena for trial testimony.

2.      Before the start of trial, Plaintiff's counsel shall advise the Courtroom Deputy of the date and estimated time that Plaintiff anticipates calling Dr. Billhymer to testify.  Plaintiff's counsel shall further advise the Courtroom Deputy if that date and/or time change during the course of trial.

Dated this 1st day of May, 2025.


_____
Dominic W. Lanza
United States District Judge